[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff tenant pursuant to Conn. Gen. Stat. 47a-14h for a court order to enforce the housing code and for other relief. The action was initiated in February 1990 alleging violations of the obligations of the defendant Barclay Development, Inc. ("Barclay") as the plaintiff's landlord under Conn. Gen. Stat. 47a-7. After a hearing the court (DeMayo, J.) on April 26, 1990 ordered Barclay to make certain repairs relating primarily to roof leaks. The plaintiff and Barclay dispute whether Barclay ever made adequate repairs.
During the pendency of the action, the plaintiff paid her rent into court as required by Conn. Gen. Stat. 47a-14h(h). By the end of September, $8,000, in rent had been paid into court. During September The Connecticut Bank and Trust Company N.A. ("CBT") moved to intervene in the action, claiming an interest in the escrowed rents by virtue of a Collateral Assignment of Leases and Rentals (the "Assignment") with Barclay. Neither the plaintiff nor Barclay objected to the intervention and the motion to intervene was granted.
The matter was then set down for a final hearing. Testimony began on November 6 and 7, 1990. One additional day of testimony was scheduled for November 28. On November 15, 1990, however, after notice to counsel and a hearing, the court dismissed this action on its own motion pursuant to Conn. Gen. Stat. 47a-14h(h) (as amended by Section 3 of Public Act No. 89-254). The court found that the plaintiff had failed to pay rent into court for the month of October and accordingly dismissed the action. A hearing on the distribution of the $8,000, in accrued rent payments was then scheduled for a later date.
At the hearing on the distribution of the accrued rent, all parties were represented by counsel, who argued the positions of their respective clients. None of the parties presented any testimony or evidence, although their contentions rest in many respects on factual claims. The parties did agree that the court could consider the Collateral Assignment of Leases and Rentals between Barclay and CBT, which was previously made an exhibit at the hearing on CBT's motion to intervene.
The manner of distribution of accrued rent payments after dismissal of a housing code enforcement action under Conn. Gen. Stat. 47a-14h(h) is apparently an issue of first impression. The statute is silent with respect to distribution of the payments after dismissal and there are no cases discussing the issue. Even in a case which is resolved on its merits, the statute simply provides for distribution "in accordance with the rights of the parties." Conn. Gen. Stat. 47a-14h (g) and (i). The court will CT Page 4347 address the claims of each of the parties.
The plaintiff's claim is that she is entitled to the return of the rent which she paid into court from March 1, 1990 until the suit was dismissed. The plaintiff contends that since March 1, 1990, the premises which she rents from Barclay have been in violation of the state Fire Code and therefore Barclay cannot receive any rent for that period as provided in Conn. Gen. Stat.47a-4a. For evidentiary support of this claim, the plaintiff relies on her own previous testimony and that of the Fire Marshal of the Town of Guilford, whom the plaintiff called as a witness during the aborted final hearing. Barclay objects to the plaintiff's reliance on previous testimony, pointing out that the court never made any finding that the Fire Code had been violated and that the plaintiff offered no further evidence at the hearing on the distribution of the accrued rent.
Under the circumstances here, the court cannot consider the prior testimony of the plaintiff or the Guilford Fire Marshal. The testimony of both witnesses was taken during the final hearing which was not completed because of the intervening dismissal. To consider such testimony now would deprive Barclay of its due process right to be heard. At the time when the court dismissed this action for the plaintiff's failure to pay rent into court, the plaintiff had presented her case, including the testimony of the Fire Marshal, and had rested. Barclay, however, had only called its first witness and his direct testimony was not concluded. Barclay was scheduled to continue its case on another date but dismissal intervened. The court cannot consider or accept the plaintiff's evidence at the final hearing when Barclay did not have the opportunity to present its evidence in opposition.
The plaintiff also argues that Barclay should not receive the rent payments paid into court because Barclay is in contempt of court for failing to make the repairs ordered by the court in April, 1990. This claim cannot be sustained. Barclay was never found in contempt of court. Plaintiff marked its motion for contempt "off." At the hearing on the distribution of the rents, the plaintiff offered no evidence in support of its claim that Barclay did not make the repairs that were previously ordered. In the absence of any evidence, the court cannot find Barclay in contempt.
The only facts before the court on which to decide the distribution of the rents are: that the plaintiff brought this action in February, that she obtained an order in April that certain repairs be done, that compliance with that order was disputed, that a final hearing was begun but not completed because the plaintiff failed to pay rent into court as required by Conn. CT Page 4348 Gen. Stat. 47a-14h(h) and that at the hearing on the court's proposal to dismiss the action because of the plaintiff's failure to pay rent into Court, the plaintiff offered no evidence of any reason or excuse for failure to pay. On these facts, the court finds that as between landlord and tenant, the rents should be distributed to the landlord, to whom the rents were owed absent the pendency of this action.
The plaintiff failed to comply, apparently without excuse or reason, with the statutory condition that she pay rent into court in order to maintain this action. As a result, the action was dismissed. At the hearing on the disbursement of funds, the plaintiff offered no evidence as to the fair rental value of the premises. Nor did she make any claim for a retroactive abatement of rent as might be allowed under 47a-14h(e). Under these circumstances the landlord is entitled to the rents. The court does not subscribe generally to the contention that dismissal of the case should automatically lead to the rents being disbursed to the plaintiff. The court's ruling is based on the limited facts available in this case. Although in a proper case the court might consider the fact that some repairs were ordered to be made on an interim basis, in this case the interim order was entered by a different judge. His findings and reasoning are not known to this judge. Any reliance on that previous order as a basis for distribution of some portion of the rents to the tenant would therefore be based on speculation.
The court must next decide the distribution of the rents as between the co-defendants Barclay and CBT. CBT's claim to the rents is based on the Assignment which Barclay made on February 3, 1989. In the assignment, Barclay assigned to CBT all rents, income and profits "due or to become due" from the condominium in which plaintiff resides. The assignment was made to secure payment of certain loans made by CBT to Barclay.
Barclay does not dispute the merits of CBT's claim to the rents, but argues instead that the court lacks jurisdiction to distribute the rents to CBT. Alternatively, if the court does have jurisdiction, Barclay claims that CBT cannot receive more than $4,000, because the balance should be paid to counsel for Barclay as his attorneys' fee.
Barclay's claim of lack of jurisdiction is two-fold. Neither claim has any merit. Barclay argues first that the court lacks jurisdiction to distribute the funds to CBT because resolution of any claim between CBT and Barclay exceeds the statutory authority of the Housing Session. The Housing Session has jurisdiction of this action pursuant to Conn. Gen. Stat. 47a-68(e), (f) and (i). Conn. Gen. Stat. 47a-14h, pursuant to which this action is brought, provides the court with the authority to distribute the CT Page 4349 rents paid into court "in accordance with the rights of the parties." CBT properly obtained intervention in this action as a party in order to assert an interest in the rents. Determination of CBT's rights does not involve resolution of highly complex questions of law or fact because CBT's claim arises out of a written assignment from Barclay. The Appellate Court has referred to the "broad" statutory jurisdiction of the Housing Session. Southland Corporation v. Vernon, 1 Conn. App. 439, 447 (1984). This court has the necessary jurisdiction to resolve a dispute between a landlord and the landlord's assignee as to entitlement to rents paid into court pursuant to Conn. Gen. Stat. 47a-14h(h).
Barclay's second claim of lack of jurisdiction is specious. Barclay contends that because the court dismissed this action pursuant to Conn. Gen. Stat. 47a-14h(h), the court now lacks the jurisdiction to enter any order with respect to the accrued rents. It must be noted, first, that in dismissing the action, the court simultaneously scheduled a hearing on the distribution of the accrued rents, thus retaining jurisdiction for the limited purpose of determining the parties' rights to have rents. Secondly, if Barclay's claim were correct, $8,000, in accrued rents held by the clerk of the court would be consigned to be held by the clerk indefinitely until, presumably, some new action would be brought, tried and decided in order to adjudicate the disposition of the funds. Barclay has cited no authority demonstrative that the legislature intended such a cumbersome result. This claim of lack of jurisdiction is untenable.
On the merits of distribution of the rents as between CBT and Barclay, Barclay's argument reveals itself to be simply a naked claim for $4,000, of the $8,000, in rents — to be paid directly to Barclay's attorney as his legal fee for defending this action. Barclay's counsel presented a wild array of legal claims in an effort to secure a portion of the rents as payment of his fee. He claimed third-party beneficiary status, estoppel and an attorney's charging lien. However, he failed to present any evidence whatsoever in support of these claims. The court has no evidence if any fee agreement between Barclay and its counsel. Nor does the court have any evidence of the amount of the fee allegedly earned. No evidence to support claims of third party beneficiary status or estoppel was presented. At the hearing on the distribution of rents, counsel for Barclay, Edan Calabrese, filed motion on his own behalf to intervene to protect his "vested interest" in the accrued rents. That motion is denied.
CBT's claim to the accrued rents is based on the Assignment, which Barclay executed in February, 1989 in connection with certain loans which Barclay obtained from CBT. The Assignment describes in the broadest terms the rents to which CBT is entitled. Included are rents which are "past due" at the time CBT CT Page 4350 exercises its rights under the Assignment. As requested, the court has taken judicial notice of Docket No. CV90-0305127S, The Connecticut Bank and Trust Company, N.A. v. Barclay Development, Inc., et al., the pending mortgage foreclosure between CBT and Barclay. Barclay has exercised its rights under the Assignment and the court in the foreclosure action appointed a receiver of rents on October 22, 1990. Pursuant to the terms of the Assignment, CBT is entitled to the rents held by this court.
It is therefore ORDERED that the $8,000, in accrued rent payments deposited with the clerk of the court shall be distributed in full to The Connecticut Bank and Trust Company, N.A.
CHRISTINE S. VERTEFEUILLE, JUDGE